Charles Lambiase, J.
In this article 78 proceeding petitioner prays that final judgment be made and entered herein “ rever *922 sing the determination of the respondent in revoking the operator’s license of the petitioner herein, and for such other relief as to the Court may seem just.”
Respondent contends that his determination herein is ‘1 just, proper, and legal in every respect; that the Commissioner acted strictly in accordance to the mandates of the pertinent statutes, that no hearing was made available to the Petitioner due to the fact that such hearing under these circumstances is not required of the Commissioner and that the actions of the Commissioner herein were not aribtrary or capricious in their nature ’ ’; and asks “ for an Order of this Court dismissing this Petition on the merits and vacating the Order to Show Cause on the merits # * * ))
On May 30, 1965 petitioner was operating a motor vehicle, allegedly owned by his wife Lucille, when he was involved in an accident. Thereafter he received a notice from respondent to turn in his operator’s license to the Motor Vehicle Department for the stated grounds that at the time of the said accident he was the operator of a vehicle which was uninsured. At the same time of petitioner’s receipt of said notice, his wife received a notice to turn in the registration to the automobile which petitioner had been driving at the time of the accident, the stated reason therein being that the car was not covered by financial security on the date of said accident. On July 2,1966 petitioner surrendered his operator’s license and the registration to the same automobile formerly owned by his wife which in the interim he had registered in his own name.
Petitioner alleges that upon investigation, after having received said notice, he learned for the first time that the insurance policy, which had been maintained on said vehicle when his wife owned it, had been cancelled, said cancellation having taken place the 5th day of March, 1965. Petitioner alleges further that he was not aware that on the 30th day of May, 1965 he was then operating an uninsured vehicle. In sum, petitioner alleges that the lack of financial coverage on his wife’s car at the time of the accident was due to no fault of his own or that of his wife, but through an error on the part of her insurance company which failed to send her notice of termination.
It must be noted, however, that on this application we are not concerned with any operator’s license or registration issued to petitioner’s wife. It is petitioner’s operator’s license which is the subject of this proceeding. We are, therefore, brought to a consideration of section 318 of the Vehicle and Traffic Law *923 of the State of New York. Said section now provides and at all times herein mentioned provided in pertinent part as follows: “3, (a) The commissioner, upon receipt of evidence that a person, other than the owner, has operated upon the public highways of this state a motor vehicle registered in this state, or an unregistered motor vehicle, with knowledge that proof of financial security was not in effect with respect to such vehicle, shall revoke the driver’s license of such person, or if he is a non-resident, the non-resident driving privileges of such person.” (Emphasis supplied.) To be noted are the italicized words, to wit: “ with knowledge that proof of financial security was not in effect with respect to such vehicle ”.
As alleged in respondent’s answer the revocation was made without a hearing being afforded petitioner. ‘ ‘ Where the exercise of a statutory power adversely affects property rights * * * the courts have implied the requirement of notice and hearing, where the statute was silent (see Wong Yang Sung v. McGrath, 339 U. S. 33; Clarksburg-Columbus Short Route Bridge Co. v. Woodring, 89 F. 2d 788, 790; Anti-Facist Committee v. McGrath, 341 U. S. 123; Railroad Comm. v. Pacific Gas Co., 302 U. S. 388; Bauer v. Acheson, 106 F. Supp. 445; People ex rel. Copcutt v. Board of Health of City of Yonkers, 140 N. Y. 1, 6-7).” (Matter of Hecht v. Monaghan, 307 N. Y. 461, 468.) And in Matter of Moore v. Macduff (309 N. Y. 35, 38-39) the court says: “ The possession of a license to drive is a vested property right. As we said in Matter of Wignall v. Fletcher (303 N. Y. 435, 441, Froessel, J.): ‘We are here dealing with the exercise of power by the commissioner in the revocation of a driver’s license, and our decision will apply not only to this petitioner, but may affect any holder of a driver’s license in the State of New York. A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process.’ ”
We have concluded that petitioner may not have his operator’s license revoked without a hearing, a course which is ‘ ‘ imposed upon it by those fundamental principles of basic justice and fair play which underlie our entire system of jurisprudence.” (Matter of Hecht v. Monaghan, 307 N. Y. 461, 469, supra.)
The determination of respondent revoking the operator’s, license of the petitioner herein must be and hereby is reversed without costs, and the matter is remitted to the Motor Vehicle Department of the State of New York for further proceedings not inconsistent with this memorandum.