Albert H. Buschmann, J.
This is an article 78 proceeding to review the denial by the Department of Motor Vehicles of petitioner’s application for restoration of his chauffeur’s license. On July 6, 1969 petitioner was involved in an automobile accident with one Goode. In connection with this accident, Goode’s own insurance carrier, State Farm Mutual Automobile Insurance Company (hereinafter referred to as “ State Farm ”) paid him the sum of $1,650 under the uninsured motorist provision of his policy. State Farm has notified petitioner that it has a claim against him for recovery of this payment but has not yet commenced an action on its claim.
On May 4, 1970 petitioner’s driver’s license was revoked on the ground that petitioner’s vehicle was uninsured at the time of the Goode accident. (Vehicle and Traffic Law, § 318, subd. 2, par. [a].) The Department of Motor Vehicles has refused to restore the license although more than one year has elapsed since the revocation thereof. (Vehicle and Traffic Law, § 318, subd. 2, par. [b].)
The department’s action is based upon the predecessor to subdivision 11 of section 318 of the Vehicle and Traffic Law, which read in part as follows:
“11. "Where the license or privileges of any person, or the registration of a motor vehicle registered in his name, has been suspended or cancelled under article six of thi.s chapter, and * * * the corporation or such insurer has paid any amount in settlement of a claim or towards satisfaction of a judgment against that person, the cancellation or suspension shall not be removed, nor the license, privileges, or registration restored, nor shall any new license or privilege be issued or granted to, or registration be permitted to be made by, that person until he has (a) Repaid in full to the corporation or to such insurer any amount so paid by it together with interest thereon at four per centum per annum from the date of such payment ”,
In 1970 (L. 1970, ch. 735, eff. Jan. 1, 1971) that statute was amended to provide: ‘ ‘ Where the license or privileges of any person, or the registration of a motor vehicle registered in his name, has been suspended or revoked under article six of this chapter, and the motor vehicle accident indemnification corpo *315 ration or an insurer has paid any amount towards satisfaction of a judgment against such person, or has obtained a judgment against such person as a result of payments made to third parties sueh license, privileges or registration shall be suspended, or the suspension or revocation thereof shall be continued, as provided in this subdivision.” (Vehicle and Traffic Law, § 318, subd. 11, par. [a].) (Italics added.)
Respondent asserts that the amendment should not be given a retroactive effect and that the State Farm claim bars restoration of petitioner’s license even though no judgment has been entered against him.
In Feuerbach v. Tofany (64 Misc 2d 460) the court passed upon the retroactivity of another amendment to section 318 of the Vehicle and Traffic Law (i.e., subd. 13). The court held that the legislative intent to eliminate the inequities in the prior law could best be effectuated by applying the amendment retroactively.
The amendment at bar was also enacted to eliminate the potential injustices under the former section. The legislative memorandum in support of the amendment contains the following statement: ‘ ‘ The proposed amendment would eliminate the potential injustices which have * * * occur[red] under the
existing law by providing that the uninsured motorist’s license, privilege or registration can only be suspended beyond the mandatory one year period if a judgment establishing such motorist’s liability has been obtained ”. (2 McKinney’s Session Laws of N. Y. [1970], p. 2989; italics added.)
It is apparent from its legislative history that the amendment to section 318 (subd 11, par. [a]) of the Vehicle and Traffic Law was intended to correct past as well as prospective injustices. Accordingly, the court holds that this amendment is also to be applied retroactively.
The petition is granted solely to the extent that the respondent is directed to reconsider petitioner’s application for restoration of his chauffeur’s license. (Vehicle and Traffic Law, § 510, subd. 6.) In all other respects the petition is denied.