Joseph Gr. Fritsch, J.
The petitioner moved this court on April 13, 1971 by an order to show cause for an order to set aside, vacate and cancel an order of revocation of his operator’s license. The order of revocation, Order No. amended 629230, issued by the Commissioner of the Department of Motor Vehicles, was dated July 29, 1968. The order of revocation was temporarily stayed from enforcement by order of Justice William E. Easton pending determination of the petitioner’s application herein. The petitioner and respondent by stipulation have subsequently agreed to convert the proceeding to an action *223 for a declaratory judgment and a motion for summary judgment relative to the issue of whether subdivisions 11 and 13 of section 318 of the Vehicle and Traffic Law of the State of New York are retroactive in effect, and have further stipulated that no judgment has been entered against Robert T. Bidwell, the petitioner, arising out of any moneys that have been paid to his passenger for injuries claimed to have been sustained as a result of the accident referred to in the pleadings. In the interest of substantial justice I will consider the stipulation and also the proceeding and subsequent stay as it was begun.
On or about the 25th day of July, 1964 the petitioner was involved in an automobile accident in the City of Rochester, New York. At the time of the accident he was operating a 1960 Thunderbird automobile which was registered to one William J. Mackey. A passenger in the vehicle, one Jean Bartman, claimed personal injuries as a result of the accident and subsequently filed a claim for such injuries through the Motor Vehicle Accident Indemnification Corporation. It appears that either the Motor Vehicle Accident Indemnification Corporation or an insurance company has paid the passenger’s claim through an arbitration award. The amount so paid was never reduced to a judgment and no action was commenced for recovery of the amount paid under the claim by anyone against the petitioner.
Petitioner’s operator’s license was revoked pursuant to section 318 of the Vehicle and Traffic Law, the revocation being based upon the exhibits attached to the respondent’s answer and return among which are: the passenger’s-notice of intention to make a claim, the report of stolen vehicle by the owner, William J. Mackey, and a letter from the Aetna Casualty and Surety Company, Mackey’s carrier, disclaiming liability on the basis that the petitioner, Bidwell, was using Mackey’s automobile without his consent and permission. It appears, therefore, that the petitioner’s operator’s license was revoked under paragraph (a) of subdivision 3 of section 318 of the Vehicle and Traffic Law.
Subdivision 11 of section 318 of "the Vehicle and Traffic Law was amended in 1970 from that which it was in 1964, the date of the accident, and in 1968 when the order of revocation herein was made by the Commissioner. As amended, paragraph (a) of subdivision 11 reads in part as follows: ‘1 Where the license or privileges of any person, or the registration of a motor vehicle registered in his name, has been suspended or revoked under article six of this chapter, and the motor vehicle accident indemnification corporation or an insurer has paid any amount towards satisfaction of a judgment against such person, or has obtained a judgment against such person as a result of payments *224 made to third parties such license, privileges or registration shall be suspended, or the suspension or revocation thereof shall be continued, as provided in this subdivision.” This amendment to subdivision 11 of section 318 of the Vehicle and Traffic Law made in 1970, effective January 1, 1971, is retroactive as well as prospective and was intended by the Legislature of the State of New York to apply to the petitioner’s 1964 accident and the order of revocation of his operator’s license in 1968, involved herein. (See Matter of Diffley v. Tofany, 67 Misc 2d 313; see, also, McKinney’s 1970 Session Laws, Book No. 5, Legislative Memoranda, pp. A-277, A-278.) By such amendment the Legislature intended to give to a person, such as petitioner-licensee, a right to a day in court and to give him an opportunity to be heard, and, therefore, to be bound by an adjudication that was reduced to judgment. A judgment has never been taken against petitioner, Bidwell, and no judgment has been obtained by Motor Vehicle Accident Indemnification Corporation or Aetna, the insurer, or anyone else against Bidwell for payments made to third parties, and no action, therefore, was begun, and also more than one year has elapsed since the Commissioner’s order of revocation. (See Vehicle and Traffic Law, § 318, subd. 2, par. [a]; subd. 9, par. [a] and, therefore, the revocation of the Commissioner made in 1968 identified as Order No. amended 629230 should not be continued.)
The Commissioner is directed to cancel and annul said order of revocation and is further ordered to issue an operator’s license to the petitioner.