Edwabd S. Conway, J.
This is an article 78 proceeding brought by petitioner John Comas to review a determination by the Department of Motor Vehicles denying petitioner permission to apply for a driver’s license and for a judgment directing the respondent to allow petitioner to apply for a driver’s license.
On September 5, 1959, petitioner was involved in an automobile accident with one Thomas Dunn. He was unlicensed and uninsured and operated a motorcycle which struck Mr. Dunn. In connection with this accident the Motor Vehicle Accident Indemnification Corporation paid Mr. Dunn the sum of $3,750 without notice of any kind to the petitioner. Petitioner then received a letter from the Department of Motor Vehicles advising that he could not apply for a driver’s license until he obtained a release from the Motor Vehicle Accident Indemnification Corporation for the payment of $3,750 that they had made to Mr. Dunn. Motor Vehicle Accident Indemnification Corporation advised the petitioner that he would have to repay the $3,750 before they would issue the release to the Department of Motor Vehicles. The amount so paid was never reduced to a judgment against petitioner and no action has ever been commenced for recovery of the amount paid by the Motor Vehicle Accident Indemnification Corporation against the petitioner.
The Department of Motor Vehicles by a letter of January 15, 1971 has refused to allow petitioner to obtain a driver’s license until he makes arrangements to repay the Motor Vehicle Accident Indemnification Corporation moneys they paid out on his behalf to Thomas Dunn.
The department action is based upon the predecessor to subdivision 11 of section 318 of the Vehicle and Traffic Law, which read in part as follows: “11. Where the license or privileges of any person, or the registration of a motor vehicle registered in his name, has been suspended or cancelled under article six of this chapter, and * * * the corporation or such insurer has paid any amount in settlement of a claim or towards satis *930 faction of a judgment against that person, the cancellation or suspension shall not be removed, nor the license, privileges, or registration restored, nor shall any new license or privilege be issued or granted to, or registration be permitted to be made by, that person until he has (a) Repaid in full to the corporation or to such insurer any amount so paid by it together with interest thereon at four per centum per annum from the date of such payment ”.
In 1970 (L. 1970, ch. 735, eif. Jan. 1, 1971) that statute was amended to provide: ‘ ‘ Where the license or privileges of any person, or the registration of a motor vehicle registered in his name, has been suspended or revoked under article six of this chapter, and the motor vehicle accident indemnification corporation or an insurer has paid any amount towards satisfaction of a judgment against such person, or has obtained a judgment against such person as a result of payments made to third parties such license, privileges or registration shall be suspended, or the suspension or revocation thereof shall be continued as provided in this subdivision.” (Vehicle and Traffic Law, § 318, subd. 11, par. [a].) (Italics supplied.)
Respondent asserts that the amendment should not be given a retroactive effect and that Motor Vehicle Accident Indemnification Corporation’s claim bars petitioner from applying and obtaining a driver’s license even though no judgment has been entered against him.
The court cannot agree with this contention. This amendment to subdivision 11 of section 318 of the Vehicle and Traffic Law effective January 1, 1971 is retroactive as well as prospective and was intended by the Legislature of the State of New York to apply to the petitioner’s 1959 accident involved herein. (See Matter of Diffley v. Tofany, 67 Misc 2d 313; see, also, 2 McKinney’s 1970 Session Laws of N. Y, p. 2989.) By such amendment, the Legislature intended to give to a person such as petitioner a right to be heard, and therefore, to be bound by an adjudication that was reduced to judgment. A judgment has never been taken against the petitioner and no judgment has been obtained by Motor Vehicle Accident Indemnification Corporation or anyone else for payments made to third parties and no action was begun against petitioner.
Therefore, the court holds that this amendment is to be applied retroactively, and the petition is granted.