■ In the Matter of LEON J. MEACHAM, Appellant, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Judgment unanimously modified on the law, without costs, to provide that dismissal of the petition is on the ground that petitioner has failed to exhaust his administrative remedies, and that, if so advised, he may apply to the Commissioner within 30 days of the entry of the order hereon for an appropriate hearing under subdivision 13 of section 318 of the Vehicle and Traffic Law. Memorandum: On September 4, 1970 petitioner, the owner of a tractor

used for hauling trailers, commenced this article 78 proceeding for an order annulling the determinations of the Commissioner of Motor Vehicles (1) revoking petitioner's nonresident motor vehicle privileges effective November 10, 1969 and (2) revoking his driver's license on May 20, 1970. ¶ Petitioner alleges that he leased his tractor to W. T. Byrns Motor Express, Inc., (Byrns), a corporation having offices in the State of Pennsylvania, under a written agreement that provided that the tractor was " to be used exclusively by the Lessee and to be at all times in possession and control of Lessee in transporting property over the routes of W. T. Byrns Motor Express, Inc. without deviation and to a place or places pursuant to the directions of the Lessee ". It is further alleged that the agreement provided that Byrns was to keep the tractor covered by liability insurance. Petitioner concedes that he provided no other insurance coverage. ¶ On June 19, 1969 petitioner was driving his tractor without a trailer from his home in Jefferson County, New York, to the Byrns terminal in that county when his tractor collided with another vehicle. The insurance carrier for Byrns disclaimed coverage for such accident on the ground that Byrns' insurance applied only when petitioner was dispatched from the Byrns terminal. Upon receiving evidence that petitioner's tractor was not covered by insurance at the time of the accident, the Commissioner, pursuant to subdivision 4 of section 318 of the Vehicle and Traffic Law, made the revocation orders described above. In this article 78 proceeding petitioner contends that he is entitled to a hearing, either in Supreme Court or before the Commissioner, on his factual allegations that he believed that Byrns had insurance on the vehicle that would apply whenever he drove and that the failure to have such insurance was caused solely by omissions on the part of Byrns or by reason of an erroneous interpretation of the insurance policy by Byrns' insurer. ¶ In dismissing the petition on the merits, based solely on its finding that petitioner was in fact without liability insurance coverage at the time of the accident, Special Term failed to take proper cognizance of subdivision 13 of section 318 of the Vehicle and Traffic Law. Although such revocation orders are mandatory when the Commissioner receives notice that an owner of a motor vehicle not registered in this State has operated such a vehicle upon the public highways of this State while proof of financial security was not in effect (Vehicle and Traffic Law, § 318, subd. 4, par. [a]; and see *Matter of Hanmer* v. *Tofany,* 34 A D 2d 383), the petitioner raises questions of fact concerning the application of paragraphs (a) and (b) of subdivision 13 of section 318 of the Vehicle and Traffic Law which should be resolved following appropriate factual exploration. Both parties to this proceeding concede that the cited subdivision (added L. 1970, ch. 259, eff. July 1, 1970) may be applied retroactively where the facts warrant (see *Matter of Diffley* v. *Tofany,* 67 Misc 2d 313; *Feuerbach* v. *Tofany,* 64 Misc 2d 460). Under that subdivision a person affected by a revocation order made pursuant to section 318 (with an exception not here relevant) may submit affidavits to the Commissioner to establish by clear and convincing evidence that he " was not aware of the fact that financial security was not in effect and the failure to have such financial security in effect was caused solely by the negligence or malfeasance of a person other than such person." The subdivision further provides that such facts may be established " at a hearing called in the discretion of the commissioner." When a person seeking to avoid revocation action has submitted affidavits raising substantial questions of fact as to his right to the relief provided in the cited subdivision, and those questions are not capable of resolution merely upon affidavits, it would be contrary to law and an abuse of discretion to deny such a hearing (see *Bell* v. *Burson,* 402 U. S. 535; *Mulligan* v. *Lackey,*

33 A D 2d 991). ¶ In view of the affidavits submitted in this proceeding, petitioner was entitled to a hearing before the Commissioner. Petitioner should have sought such relief before commencing this proceeding, and, accordingly, the judgment (denominated order) dismissing the petition should be modified to provide that the dismissal is on the ground that petitioner has failed to exhaust available administrative remedies. In the interest of justice petitioner may make such application to the Commissioner within 30 days of the entry of the order herein. Because the cited subdivision expressly provides that the factual questions raised thereunder should be resolved in the first instance by the Commissioner, we express no opinion thereon. (Appeal from judgment of Onondaga Special Term in article 78 proceeding to stay revocation of driver's license.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.