■ In the Matter of ROBERT O'TOOLE, Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Special Term erred in directing that respondent restore petitioner's operator's license and vehicle registration on the ground that petitioner had complied with section 318 (subd 9, pars [a], [c]) of the Vehicle and Traffic Law. On December 5, 1975 the Commissioner of Motor Vehicles issued an order of revocation which was based upon petitioner's operation of his uninsured automobile on July 24, 1975, when it was involved in an accident. The statute unequivocally precludes both registration of the vehicle and issuance of a driver's license "until one year has passed since the date of [their] revocation" (Vehicle and Traffic Law, § 318, subd 9, par [a]). Special Term's judgment was entered on August 6, 1976, and was therefore premature. Additionally, section 318 (subd 9, par [c], cl [3]) mandates payment of a civil penalty as required by subdivision 5 of section 319 of the Vehicle and Traffic Law as a precondition to the restoration of petitioner's license and registration. Special Term failed to find that petitioner had paid the penalty. Although the one-year period of revocation has now expired, the commissioner's order must stand unless petitioner has paid the statutory penalty. The failure to satisfy- any one of the conjunctive requirements set forth in section 318 (subd 9, par [a]) requires denial of the relief sought (see, e.g., *Matter of De Marco v State of New York,* 43 AD2d 786, affd 37 NY2d 735; *Bommarito v State of New York,* 35 AD2d 458, 459). Furthermore, respondent's failure to

call a hearing pursuant to section 318 (subd 13, par [b]) was not error since the affidavit which petitioner submitted to respondent failed to raise a substantial question of fact as to petitioner's right to relief (see *Matter of Meacham v Tofany,* 39 AD2d 822, 823). Nor is a triable issue of fact raised in this proceeding with respect to petitioner's eligibility for a subdivision 13 exemption. While petitioner avers that he was unaware that financial security was not in effect, he fails to allege facts showing that his failure to have insurance "resulted solely from the negligence or malfeasance of another person" (Vehicle and Traffic Law, § 318, subd 13, par [b]). (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.