■ In the Matter of ALAN NOVICK, Appellant, v NEW YORK COMMISSIONER OF MOTOR VEHICLES, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles which denied, without a hearing, petitioner's application to terminate an order revoking his driver's license and automobile registration, petitioner appeals from a judgment of the Supreme Court, Kings County (Mirabile, J.), dated May 13, 1983, which, in effect, dismissed the proceeding. Judgment reversed, on the law, with costs, and petition granted to the extent that the determination is annulled and the matter is remitted to the respondent for the purpose of conducting a hearing pursuant to subdivision 13 of section 318 of the Vehicle and Traffic Law, and in all other respects petition dismissed on the merits. Petitioner's driver's license and motor vehicle registration were revoked by the respondent Commissioner of Motor Vehicles upon receipt of evidence that petitioner had operated or permitted operation of a motor vehicle while financial security was not in effect (Vehicle and Traffic Law, § 318, subd 2, par [a]). The commissioner was in receipt of a copy of a notice of termination with a certificate of mailing indorsed by the postal service, which indicated that petitioner's insurer had canceled his policy for nonpayment of $80 due as a supplemental premium on the policy. Petitioner applied to the commissioner for termination of the order of revocation pursuant to subdivision 13 of section 318 of the Vehicle and Traffic Law, which provides: "13. (a) Subject to the provisions of paragraph (b), no revocation order shall be issued pursuant to this section, or if such revocation order has been issued, it shall be terminated, if the commissioner shall determine that the person involved was not aware of the fact that financial security was not in effect and the failure to have such financial security in effect was caused solely by the negligence or malfeasance of a person other than such person. (b) The burden of proving lack of knowledge that financial security was not in effect and that such failure resulted solely from the negligence or malfeasance of another shall be upon the person

seeking to avoid revocation action. Such facts shall be established by clear and convincing evidence, either by the submission of affidavits or at a hearing called in the discretion of the commissioner." In his affidavit, petitioner alleged that he had no knowledge that insurance had not been in effect, and that the failure to have such insurance in effect was due solely to the negligence of others. Petitioner stated that he had timely paid the entire annual premium for his insurance, and copies of the checks with which he had allegedly made payment were annexed to his affidavit. Furthermore, petitioner stated that he had never received a bill for additional premiums due or a notice of termination from his insurer, and he therefore had no reason to believe that financial security had lapsed. Finally, petitioner alleged that during the period of time in which the termination notice had allegedly been mailed to him, he had encountered recurring problems with mail delivery. As evidence of such problems, petitioner annexed to his affidavit copies of correspondence from other parties acknowledging that their prior correspondence to him had apparently been lost by the post office. Petitioner's application was denied on the commissioner's behalf by the Insurance Services Bureau of the Department of Motor Vehicles, and his appeal from that denial to the Administrative Appeals Board was dismissed. Petitioner then instituted this proceeding pursuant to CPLR article 78 upon the ground that the commissioner's failure to have terminated the revocation order, or at least to have conducted a hearing on the factual issues raised in his affidavit, was arbitrary, capricious and an abuse of discretion. Special Term, in effect, dismissed the petition and this appeal followed. In *Matter of Meacham v Tofany* (39 AD2d 822, 823), the Appellate Division, Fourth Department, held: "When a person seeking to avoid revocation action has submitted affidavits raising substantial questions of fact as to his right to the relief provided in the cited subdivision [Vehicle and Traffic Law, § 318, subd 13], and those questions are not capable of resolution merely upon affidavits, it would be contrary to law and an abuse of discretion to deny such a hearing". Our review of the petitioner's affidavit submitted in support of his application for termination of the order of revocation leads us to conclude that petitioner raised substantial questions of fact as to his right to such termination. The affidavit did more than merely allege, in conclusory terms, that petitioner had been unaware of the lapse in coverage (see *Matter of O'Toole v New York State Dept. of Motor Vehicles*, 57 AD2d 708). The affidavit specifically averred, with supporting proof, that petitioner had no knowledge of the cancellation, and that the cancellation was due solely to the negligence or malfeasance of the insurer and the post office. These allegations, if true, would entitle petitioner to relief under the statute (Vehicle and Traffic Law, § 318, subd 13). While the commissioner had before him proof that the insurer had properly mailed the notice of termination, thereby giving rise to a presumption of receipt on the part of the insured (*Nassau Ins. Co. v Murray,* 46 NY2d 828; *Engel v Lichterman,* 95 AD2d 536), the allegations in petitioner's affidavit of frequent failures by the post office to properly deliver mail were sufficient to rebut the presumption and to trigger the need for a hearing (*Engel v Lichterman, supra,* p 538; *De Feo v Merchant,* 115 Misc 2d 286). Accordingly, we hold that it was an abuse of discretion for the commissioner to have denied petitioner's application to terminate the order of license and automobile registration revocation without a hearing. The petition must therefore be granted to the extent of annulling the commissioner's determination and remitting the matter to the commissioner so that a hearing can be conducted pursuant to subdivision 13 of section 318 of the Vehicle and Traffic Law. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.