EMANUEL R. CAMHI, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.

Second Department, April 8, 1985

**APPEARANCES OF COUNSEL**

*Landa, Picard & Weinstein* (*Jay Landa* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*Robert K. Drinan* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Petitioner's driver's license and motor vehicle registration were revoked by respondent New York State Department of Motor Vehicles upon receipt of evidence that petitioner had operated or permitted operation of a motor vehicle while insurance was not in effect (Vehicle and Traffic Law § 318 [2] [a]). Petitioner appealed the revocation of his registration and driver's license to the Department of Motor Vehicles Administrative

Appeals Board. In his supporting affidavit, petitioner alleged that he had no knowledge that insurance had not been in effect. Petitioner further alleged that because his occupation permits him to be present at his residence, at most, only 20% of the year, he had delegated the function of paying the family bills to his wife. Petitioner admits that the insurance bill was mailed to and received at his residence, but claims that his wife was at fault because she negligently failed to pay the bill. It is claimed that petitioner's wife inadvertently filed the insurance bill as a "paid" bill, never remitted the premium and ignored a cancellation notice because she believed, mistakenly, that the bill had, in fact, been paid. The insurance coverage lapsed and petitioner's son, upon operating the vehicle in question after said lapse, received a summons for operating the vehicle while uninsured, which eventually led to the revocation of petitioner's registration and driver's license. In his appeal to the Motor Vehicles Administrative Appeals Board, petitioner argued that Vehicle and Traffic Law § 318 (13) (a) precluded respondent from enforcing the order of revocation since the negligence of petitioner's wife in failing to remit the premium due caused the lapse.

The Appeals Board dismissed petitioner's appeal. It stated that no valid basis for appeal had been presented, noting that "[d]elegating maintenance of insurance coverage to another person, who negligently fails to maintain coverage, does not fall within the exception provided by the Vehicle and Traffic Law, 318 (13) (a)". Petitioner then instituted this proceeding pursuant to CPLR article 78 upon the ground that the administrative denial of his appeal was arbitrary and capricious. Special Term dismissed the proceeding and this appeal followed.

Prior to 1970, the owner and/or operator of an uninsured motor vehicle faced mandatory revocation of his or her license and registration even if the failure to have insurance coverage was through no fault and without the knowledge of the motorist in question. Recognizing that the mandatory nature of the penalties imposed an injustice upon certain motorists, the Legislature amended Vehicle and Traffic Law § 318 (L 1970, ch 259, eff July 1, 1970), to add a new subdivision 13. Under subdivision 13, no revocation order may be issued if the Commissioner determines that the person involved was not aware of the fact that insurance was not in effect and said failure to have insurance was caused solely by the negligence of "a person other than" the motorist involved. The legislative memorandum of the Department of Motor Vehicles which recommended approval of the bill indicated the types of injustice the amendment was intended to eliminate. Two examples described in the memoran-

dum are particularly revealing and clarify the scope of the amendment's intended remedial impact. According to the memorandum, the most common injustices under prior law occurred when revocation was imposed because:

"the motorist borrows a vehicle owned by another, assuming it is properly covered by insurance (certainly a valid assumption if the vehicle is registered in New York — a compulsory insurance state); or

"a broker or third party absconds with premium payments or fails to obtain requested coverage, and the policy is cancelled or coverage is not obtained without the knowledge of the vehicle owner" (1970 McKinney's Session Laws of NY, at 2881).

The examples in the legislative memorandum clearly disclose that the benefits of subdivision 13 are available to motorists whose relative fault is minimal due to an inability to either perceive or prevent the absence of insurance coverage. Petitioner's proffered excuse, his wife's negligence, falls far short of the level of relative innocence clearly intended by the framers of the amendment as a prerequisite to the application of subdivision 13. In the instant case, petitioner received an insurance premium bill at his residence and failed to pay it. He received a notice of cancellation at his residence which was ignored. The policy then lapsed and his registration and driver's license were revoked. Petitioner's challenge based upon the admittedly neutral language of subdivision 13 may be appealing, but his case clearly does not present the type of hardship and inequity the amendment was intended to ameliorate. Petitioner's theory would excuse a failure to procure insurance by mere reference to an informal family arrangement and would, therefore, encourage laxity when the unequivocal policy of this State favors strict adherence to the goal of compulsory automobile insurance.

Finally, petitioner's affidavit failed to raise substantial issues of fact requiring a hearing and thus the Appeals Board's summary dismissal of his administrative appeal was not an abuse of discretion (*see, Matter of Novick v New York Commr. of Motor Vehicles,* 99 AD2d 811).

TITONE, J. P., LAZER, NIEHOFF and RUBIN, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered July 23, 1984, affirmed, with costs.