OPINION OF THE COURT
Eli Wager, J.
The defendant brings this proceeding by order to show cause (Wager, J., Jan. 2, 1991) for an order pursuant to CPL 460.50 staying or suspending execution of a judgment of conviction pending the determination of an appeal to the Appellate Term of this court. The motion presents novel questions apparently of first impression.
The defendant was prosecuted in the Justice Court of the Incorporated Village of Bellerose on an information (1134A/ 90) charging five counts of violation of certain village ordi *709 nonces relating to construction, occupancy and use of a building within the village. A trial was held before the Village Justice on the 17th, 18th and 19th of December 1990. The defendant was found guilty on all counts. Under date of December 28, 1990, the Justice issued a six-page "Decision and Order” in which, inter alla, the defendant’s objections to the legality of the process served upon him were dismissed. Simultaneously therewith, the Village Justice in a six-page "Sentence and Conditions of Conditional Discharge” imposed conditions upon the defendant addressed to the building project and further levied costs of $2,564.91 to be paid on or before January 4, 1991, together with fines totalling $7,500, to be paid on or before January 3, 1991, making a total of $10,064.91.
On January 2, 1991, this court temporarily restrained the village from enforcing the sentence pending the determination of this proceeding.
Research discloses no reported case law on the issuance of stays pending appeal where the sentence mandates the payment of monetary fines only and does not include a term of incarceration. It is well settled that a term of incarceration may be stayed by this court pending appeal (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 460.50, at 44). Counsel for the village argued that the section applies only to cases in which a sentence of incarceration has been imposed and that this court may not stay the payment of the fines levied.
True it is that CPL 460.50 sounds in the criminal law, has its genesis in a criminal prosecution, speaks of releasing the defendant on his own recognizance or on bail and provides that the defendants "surrender” to the criminal court after 120 days after the issuance of such an order. In the case at bar, the defendant is not in immediate danger of incarceration. However, upon the failure or refusal or inability of defendant to pay the mandated fines and costs, he is conceivably in such danger, the due date for such payments having occurred during this court’s temporary restraining order.
However, this court finds the conviction and subsequent sentence, the imposition of monetary penalty, as opposed to incarceration, to be a distinction without a difference. The defendant has here been convicted of a criminal offense. The sentence is clearly less onerous and less punitive than incarceration, but at bottom, he stands convicted of a crime. That is *710 his grievance. His appeal is addressed to the conviction as well as to the sentence.
It follows then that defendant’s appeal, being "from a judgment or from a sentence of a criminal court” (CPL 460.50 [1]), entitles him to bring the instant proceeding before this court, notwithstanding the sentence which does not impose a penalty of imprisonment.
The court has reviewed the "affidavit of errors” as well as all the papers and oral argument and finds that there is a reasonable possibility of reversal on appeal.
Accordingly, the defendant’s application for a stay or suspension of the execution of the judgment pending determination of the appeal is granted for a period not to extend beyond 120 days from the date of entry of this decision and order. Since incarceration is not an issue, bail is not applicable in this case.
[Portions of opinion omitted for purposes of publication.]