William CRIST, Plaintiff,

v.

TOWN COURT, Town of Greenburgh, Defendant.

No. 94 Civ. 3542 (VLB).

United States District Court, S.D. New York.

July 20, 1994.

William Crist, pro se.

David R. Fried, Town of Greenburgh, Elmsford, NY for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff William Crist has brought this civil rights suit under 42 U.S.C. § 1983 against the Town Court of the Town of Greenburgh based upon his belief that he was informed that he could not appeal from a fine imposed for a criminal violation of an environmental protection statute unless the fine was paid first.

The Town Court has moved to dismiss (1) for lack of service on the Town Supervisor or Clerk under N.Y. Civ.Prac.L. & R. 311(5); (2) for failure to serve a notice of claim under General Municipal Law 50–e; (3) based upon judicial immunity, and (4) because payment of a fine is not a prerequisite for a criminal appeal, and availability of an application for a stay of a fine pending appeal under New York Criminal Procedure Law 460.50.[1]

### II

■ Only adequate state procedural grounds, not those which appear unnecessary to legitimate state interests can be successfully invoked in federal litigation. See *Staub v. City of Baxley*, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958).

Under this doctrine, state or local notice-of-claim prerequisites to suit are inapplicable in federal cases brought under 42 U.S.C. § 1983 for the purpose of enforcing the Fourteenth Amendment to the Constitution of the United States. *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).

Similarly, a state or local requirement to serve a particular named official when suing an institutional entity, if permitted to be applied to federal civil rights suits under 42 U.S.C. § 1983, would tend to make enforcement of federal rights difficult and for the reasons articulated in *Felder* is unenforceable. *Thomas v. Yonkers Police Dept.*, 147 F.R.D. 77 (S.D.N.Y.1993).

### III

■ The third ground, absolute judicial immunity, is available to preclude any damage claims against the judges of the Town Court, but does not preclude injunctive relief if appropriate. See *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

Whether judicial immunity extends to the Town Court as an entity, and whether it would constitute an instrument of a municipality subject to liability under limited circumstances,[2] need not be considered in light of the disposition of the remaining ground for the motion to dismiss, related to the merits.

### IV

■ Were plaintiff to be barred from proceeding with his appeal unless willing and

---

1. In regard to these motions, facts extending beyond the pleadings were submitted, and factual material in response furnished by plaintiff. Under such circumstances, fair notice was given that such matters were before the court, and it would be proper to consider such matters and convert the motion into one for summary judgment under Fed.R.Civ.P. 12(b)(6) and 56. However, the essential facts are not disputed and the case depends on issues of law which do not require such conversion for the proper decision to be reached.

2. See *Allen v. City of Yonkers*, 803 F.Supp. 679 (S.D.N.Y.1992) and cases cited.

able to pay a fine would present significant issues of due process under the Fourteenth Amendment. There is no constitutional right, however, to an automatic delay of collection of a fine pending appeal unless a stay is granted; such stays are to be granted based upon criteria established by statute or case law, even where initially imposed sanctions are severe (such as loss of employment). See *United States v. Local 6A*, 832 F.Supp. 674 (S.D.N.Y.1993).

 Even civil tax assessments may be exacted prior to the opportunity to litigate, but only where effective post-deprivation relief is available. See *McKesson Corp. v. Florida Division of Alcoholic Beverages*, 496 U.S. 18, 36–39 n. 19, 110 S.Ct. 2238, 2250–51 n. 19, 110 L.Ed.2d 17, 36 n. 19 (1990); see also *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

New York Criminal Procedure Law 460.10 authorizes appeals without any requirement for prepayment of fines. Under Criminal Procedure Law 460.50 and 22 NYCRR 732.12 (Rules of Practice for Ninth and Tenth Judicial Districts) a stay pending appeal of a fine or other judgment may be requested. *People v. Derham*, 149 Misc.2d 708, 567 N.Y.S.2d 573 (Sup.Ct. Nassau Co. 1991).

### V

 Although plaintiff appears to claim that he was told he could not appeal unless the fine was paid, a notice of appeal was filed on May 19, 1994, dated the day before seemingly in anticipation of the conviction. He may thus seek a stay under Criminal Procedure Law 460.50.

Should the stay be refused and if any federal constitutional questions were presented by any refusal of such a request, they may be presented to, and must be considered by, the state court. See *Rodriguez v. Westhab*, 833 F.Supp. 425 (S.D.N.Y.1993). Were the state courts to err and in doing so violate federal rights, and fail to rectify such errors, the ultimate remedy absent special circumstances not present here is a request for review by the Supreme Court of the United States under 28 U.S.C. § 1257.

### VII

Plaintiff already has the rights he seeks to establish by virtue of this litigation notwithstanding any misunderstanding which may have arisen. No claim for federal relief is stated and the complaint is dismissed on the fourth ground mentioned above. Defendant's other arguments are rejected.

The clerk is directed to close this case.

SO ORDERED.