OPINION OF THE COURT
Peter P. Rosato, J.
By way of order to show cause dated November 27, 2002, defendant herein, pursuant to GPL 460.50, seeks a stay pending appeal from the judgment of conviction entered in the Briar-cliff Manor Village Court on October 30, 2002, wherein, following trial, defendant was found guilty of driving without insurance, a traffic infraction, under Vehicle and Traffic Law § 319 and sentenced to a fine. Additionally, as a direct consequence of said conviction, as mandated by Vehicle and Traffic Law § 319, defendant is also subject to a mandatory civil penalty of *281 $500 (see Vehicle and Traffic Law § 319 [5]) as well as a mandatory one-year license revocation. (See Vehicle and Traffic Law § 318 [2].) Defendant’s counsel has submitted a supporting affirmation dated November 25, 2002. The People have filed an opposing affirmation dated December 4, 2002, and defendant has submitted a reply affirmation dated December 9, 2002. The instant matter is before this court by random assignment, and may be entertained by this court pursuant to the authority contained at Rules of Practice for the Ninth and Tenth Judicial Districts (22 NYCRR) § 732.12.
The pivotal threshold question which the court feels constrained to raise in the first instance is whether or not the court can grant a stay pending appeal where, as here, defendant’s sentence does not include a jail sentence. This court, in a previous unreported decision dated January 31, 2001 in People v Maxwell (Westchester County, Index No. 01-00125), addressed this very issue. This court, in Maxwell (supra), noted that certain language contained in Preiser, Practice Commentaries to CPL 460.50 (1) (McKinney’s Cons Laws of NY, Book 11 A, CPL 460.50) “strongly suggested” that CPL 460.50 affords no legal basis to stay a sentence not involving a jail sentence. On the other hand, the court noted that the Practice Commentaries to CPL 460.50 admittedly send conflicting signals in that, at one point, the Commentaries also state that the subject statute applies to any judgment, even one where, as here, the defendant is sentenced to a fine. This court, in Maxwell (supra), also noted that this broader, less restrictive view has been adopted approvingly in at least one case, i.e., People v Derham (149 Misc 2d 708 [Sup Ct, Nassau County 1991, Wager, J.]). And see also Crist v Town Ct. (156 FRD 85 [SD NY 1994, Broderick, J.]). Thus, in the face of these conflicting snippets of commentary, the court, in Maxwell (supra), opted to entertain defendant’s request for a stay, assuming, arguendo only, that it had the requisite statutory authority to do so. Likewise, the court will adopt a similar posture herein, particularly where the People, in their affirmation in opposition herein dated December 4, 2002, have not even raised this particular issue.
Turning then to the merits of defendant’s instant application, the record should reflect that neither party has furnished this court with a trial transcript or other trial record (i.e., affidavit of errors) herein.[1] Nonetheless, it is readily apparent, from the representations made by defense counsel in his mov *282 ing papers, as an officer of this court, that a plethora of genuine appealable issues do indeed exist herein.
As counsel indicates, one of three possible scenarios, in substance, evidently unfolded at trial.[2] Either Lieutenant Gorey of the Briarcliff Manor Police Department, ostensibly the sole prosecution witness, testified that defendant’s ex-wife had filed a written deposition in which she indicated that defendant operated a vehicle without insurance on the day in question, or said written deposition was itself admitted into evidence, or third, both the subject deposition and Lieutenant Gorey’s above-noted testimony may have been received. Any of these possible scenarios would give rise to an obvious hearsay problem. Even more fundamentally, given that defendant was charged herein by way of a simplified traffic information (see exhibit A to defendant’s reply affirmation), the only supporting deposition which would have been proper would have been one filed by the issuing police officer himself. CPL 100.25 (2) simply makes no provision for the filing of a supporting deposition by defendant’s ex-wife in the context of a simplified traffic information. In addition, and equally fundamentally, if true, counsel represents that no proof was introduced at trial that the subject vehicle was in fact uninsured on the date in question. Defendant, according to counsel, testified at trial, in substance, that he was not sure if in fact the vehicle was insured.[3] In this regard, the court recognizes the case law which holds that a license revocation is improper where the defendant was simply unaware that proper insurance was not in effect and that the failure to properly insure the vehicle is attributable to someone other than the defendant. (See Vehicle and Traffic Law § 318 [13]; Feuerbach v Tofany, 64 Misc 2d 460 [Sup Ct, Kings County 1970, Wegman, J.].) Finally, while it is of course true that the actual revocation order emanates from the Commissioner of Motor Vehicles (see Vehicle and Traffic Law § 318 [2]), the People offer nothing other than mere supposition to rebut defendant’s assertion that the subject revocation order herein issued as a result of, and solely as a result of *283 defendant’s conviction for driving without insurance on October 30, 2002.
Thus, for any and all of the reasons cited and weighing “the likelihood of ultimate reversal” on appeal herein, pursuant to the governing statute (see CPL 510.30), defendant, in this court’s view, has in fact raised several genuine appealable issues herein. Accordingly, defendant’s instant application brought on pursuant to CPL 460.50 is granted, and the judgment of conviction entered in the Briarcliff Manor Village Court on October 30, 2002, inclusive of the sentence consisting of a fine, mandatory civil penalty, and mandatory one-year license revocation, is hereby stayed in all respects, pending determination of defendant’s appeal.

. At the outset, and as noted in defendant’s reply affirmation, the Briar-cliff Manor Village Court has amended its records to document the fact that *282 defendant herein was convicted after trial, not by way of a plea of guilty. (And see exhibit A to defendant’s reply affirmation.)

. As the People have noted, it appears that defendant’s current counsel did not appear on defendant’s behalf at trial.

. Counsel further represents to this court that pursuant to the terms of their matrimonial settlement, defendant’s ex-wife not only had had possession of the subject vehicle, which had been leased, until it was eventually returned to defendant upon expiration of the lease, but she (defendant’s ex-wife) also was responsible to maintain proper insurance.